UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR BEAR, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | ) Case No. SACV 10-1866 JC <br> ) <br> ) <br> ) MEMORANDUM OPINION AND <br> ) ORDER OF REMAND FOR <br> ) IMMEDIATE PAYMENT OF <br> ) BENEFITS <br> ) <br> ) <br> ) <br> ) <br> ) |

**I.     SUMMARY**

On December 7, 2010, plaintiff Victor Bear ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 31, 2011 Case Management Order, ¶ 5.

///

1

Based on the record as a whole and the applicable law, and for the reasons discussed below, the decision of the Commissioner is REVERSED AND REMANDED for immediate payment of benefits.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On May 3, 2004, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 52-54). Plaintiff asserted that he became disabled on February 28, 2003, due to "[s]houlder/wrists and left knee injury." (AR 52, 57). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert and a vocational expert on April 5, 2006 ("Pre-Remand Hearing"). (AR 329-55).

On July 27, 2006, the ALJ determined that plaintiff was not disabled through the date of the decision ("Pre-Remand Decision"). (AR 13-14). The Appeals Council denied plaintiff's application for review of the Pre-Remand Decision. (AR 5).

On March 24, 2008, in Case No. SACV 07-33 JC, a judgment was entered in the United States District Court for the Central District of California, reversing and remanding the case for further proceedings because the ALJ improperly disregarded testimony plaintiff gave at the Pre-Remand hearing regarding plaintiff's subjective symptoms (*i.e.*, pain) ("2008 Remand Order"). (AR 458-61). The Appeals Council, in turn, remanded the case for a new hearing. (AR 446). On April 8, 2009, the ALJ held a supplemental hearing ("Post-Remand Hearing") during which the ALJ heard additional testimony from plaintiff, as well as testimony from the same medical and vocational experts who testified at the Pre-Remand Hearing. (AR 691). During the Post-Remand Hearing, plaintiff amended his application to allege only a closed period of disability from February 28, 2003 through March 30, 2008 ("closed period of disability"). (AR 368, 712-13).

On August 25, 2009, the ALJ issued another decision ("Post-Remand Decision"), incorporating by reference the Pre-Remand Decision, and supplementing such decision. (AR 368). The ALJ determined that plaintiff was not disabled for the alleged closed period of disability. (AR 379). Specifically, the ALJ found that for the closed period of disability (*i.e.*, February 28, 2003 through March 30, 2008): (1) plaintiff suffered from the following severe impairments: left knee impairment (condomalaysya and early degenerative changes)/status post-surgical repair in 1997; right carpal tunnel syndrome/median nerve damage/possible ulnar nerve impairment; right shoulder impingement with some osteoarthritis; and disorder of the cervical and lumbar spine (AR 371); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 371); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b)) with significant additional limitations[1] (AR 372); (4) plaintiff could not perform his past relevant work (AR 377); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically Cashier II, Information Clerk, Dowel Inspector, and Call Out Operator (AR 378); and (6) plaintiff's allegation the he was unable to perform any type of work during the closed period of disability was less than fully credible (AR 377).

The Appeals Council again denied review. (AR 356).

---

[1] The ALJ determined that plaintiff: (i) could sit for six hours and stand and/or walk for four hours during an eight-hour workday "as long as plaintiff is allowed to change position briefly (up to five minutes) every hour"; (ii) could not walk on uneven terrain; (iii) could lift and/or carry up to ten pounds frequently and 20 pounds occasionally; (iv) could occasionally use his left lower extremity for pushing and pulling/operating foot controls; (v) could not climb ladders or scaffolds but could occasionally climb stairs; (vi) could not kneel, crouch or crawl; (vii) could occasionally stoop and frequently bend and balance; (viii) could handle (grasp, twist, or turn an object) occasionally with his right upper extremity and frequently with his left upper extremity; (ix) could perform fine manipulation/manual dexterity/fingering occasionally with his right upper extremity and frequently with his left upper extremity; (x) could not reach above shoulder level with his right upper extremity; (xi) could occasionally work up to shoulder level with his right upper extremity; (xii) could occasionally reach above shoulder level with his left upper extremity; and (xiii) could have frequent, but not constant, neck motion. (AR 372).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

experience, allow claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///

## IV. DISCUSSION

### A. The ALJ Materially Erred in Assessing Plaintiff's Credibility

Plaintiff contends that the ALJ failed properly to consider testimony plaintiff gave regarding his allegations of disabling pain and failed to provide clear and convincing reasons for discounting plaintiff's subjective complaints. (Plaintiff's Motion at 2-6). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

#### 1. Pertinent Facts

At the 2006 Pre-Remand Hearing plaintiff testified to the following: On February 28, 2003, he was forced to stop working due to problems with his shoulder. (AR 333-34). At the time of the hearing, plaintiff had been waiting for surgery approval for two years for his right shoulder, right wrist and left knee. (AR 334, 336). He could stand and walk up to an hour at a time. (AR 347). He took pain medication about two times per day, when he knew he would be moving for more than 10-15 minutes, and the medication made him dizzy and unable to drive. (AR 347, 351-52). He could hardly carry or push anything with his right hand given his right wrist pain, and could use that hand for only 10-15 minutes before having to stop and rest for 30 minutes. (AR 347-48). He also could not reach above shoulder level with is right arm, and could use his right upper extremity for only 10-15 minutes at a time before having to stop and rest for 30 minutes. (AR 348). Although plaintiff had attended school approximately "a year and a half [earlier]," plaintiff's pain symptoms caused him to leave school after three months. (AR 347).

At the 2009 Post-Remand Hearing plaintiff testified that he had been unable to sleep, in part due to his pain, but that with medication his condition had improved such that he was able to return to work. (AR 714-15).

In the Post-Remand decision, the ALJ acknowledged that plaintiff's impairments "caused significant pain and functional limitations," but rejected as

"less than fully credible" plaintiff's assertion that he was unable to perform any work during the closed period of disability. (AR 373, 377). In the ALJ's discussion about plaintiff's pain allegations, the ALJ referenced four disability reports completed by plaintiff in 2004, specifically (1) a Disability Report – Appeal dated August 16, 2004 (AR 372, 377) (citing Exhibit 4E [AR 75-81]); (2) a Pain Questionnaire dated November 19, 2004 (AR 373, 377) (citing Exhibit 5E [AR 82-84]); (3) a Function Report – Adult dated December 14, 2004 (AR 373, 377) (citing Exhibit 6E [AR 85-92]); and (4) a Disability Report – Appeal dated approximately November 20, 2004) (AR 373, 377) (citing Exhibit 8E [AR 102-08]) (collectively "Plaintiff's 2004 Disability Statements"). The Post-Remand Decision does not expressly reference plaintiff's testimony at either the Pre-Remand or Post-Remand hearings – nor does it appear to do so indirectly. (AR 372-73, 377). The ALJ concluded based on "[Plaintiff's 2004 Disability] statements and the medical evidence of record" that while plaintiff's subjective pain was sufficiently severe to prevent plaintiff from performing his past relevant work, it did not preclude all possible jobs. (AR 373, 377).

**2. Pertinent Law**

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted). "In making a credibility

7

determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13; quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

### 3. Analysis

As noted above, in the Post-Remand Decision, the ALJ acknowledged that plaintiff's medically determinable impairments "caused [plaintiff] significant pain and functional limitations," but found plaintiff's statements regarding the extent of such pain and limitations during the closed period of disability "less than fully credible." (AR 373, 377). More specifically, the ALJ discounted plaintiff's credibility essentially because (1) plaintiff's daily activities were inconsistent with plaintiff's allegations of disabling pain; and (2) the medical evidence did not support plaintiff's claim that he was "unable to work during his alleged closed
///

8

period of disability" due to his subjective pain.  (AR 377).  The ALJ's credibility assessment is inadequate for two primary reasons.

First, contrary to this Court's 2008 Remand Order, the ALJ apparently failed to consider plaintiff's testimony from the administrative hearings regarding the intensity, persistence and limiting effects of plaintiff's pain during the closed period of disability.  Even if, as defendant suggests,[2] the ALJ in some manner did consider plaintiff's subjective symptom testimony, the Court finds that the decision, nonetheless, fails properly to account for such evidence.  For example, the ALJ does not expressly address plaintiff's testimony from the Pre-Remand Hearing that due to significant pain, plaintiff was unable to use his right hand or reach with his right upper extremity for more than 10-15 minutes at a time before having to stop and rest for 30 minutes.  (AR 347-48).  Nor does the ALJ address testimony that severe pain forced plaintiff to leave school after three months.  (AR 347).  An ALJ may not disregard such testimony without providing a sufficiently specific explanation.  See Robbins, 466 F.3d at 883; cf. Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984) (error for ALJ to disregard or misinterpret competent evidence in the record in order to support conclusion).  Since, as discussed more fully below, such evidence was material to plaintiff's disability claim, a remand is warranted on this basis alone.

Second, in light of such error, the reasons the ALJ gave for discounting plaintiff's credibility are not supported by substantial evidence.  Here, the ALJ

---

[2]Defendant attempts to show that the ALJ did consider plaintiff's testimony from the Pre-Remand Hearing by stating "[t]he ALJ acknowledged Plaintiff's testimony that, prior to the Closed Period [of disability], he had often worked more than 60 hours per week as a manager." (Defendant's Motion at 2) (citing AR 333, 373).  Contrary to defendant's suggestion, however, it appears that the ALJ's reference to plaintiff's work schedule was drawn from plaintiff's December 14, 2004 Function Report (which noted that plaintiff used to "work more than 60 hours per week") (AR 86), rather than, as defendant suggests, plaintiff's testimony at the Pre-Remand Hearing (which specifically characterized plaintiff's prior work schedule as consisting of "65 to 70 [hours]").

discounted plaintiff's subjective statements because plaintiff allegedly had "remained quite active during [the closed period of disability]" (*i.e.*, in his 2004 Disability Statements, plaintiff said that he was able to attend school and study/read each week day, attend medical appointments, go grocery shopping with is wife, and attend church every Sunday). (AR 373, 377) (citing Exhibits 4E [AR 75-81], 5E [AR 82-84], 6E [AR 85-92], 8E [AR 102-08]). Nonetheless, although plaintiff stated in a December 2004 Disability Report that he had been attending school, as noted above, plaintiff testified in 2006 that his pain forced him to leave school (and, by reasonable inference, to stop studying) after three months. (AR 85, 347). Evidence that plaintiff had taken classes for three months at some point in 2004 is not sufficient to discount plaintiff's credibility for the entire closed period of disability which covered over five years.

The other daily activities identified by the ALJ do not, on their own, undermine plaintiff's credibility. Here, the ALJ correctly noted that plaintiff stated he was able to go grocery shopping with his wife, attend doctor appointments, and go to church once a week. (AR 88-89, 377). However, plaintiff provided other descriptions of his daily activities in the same function report which illuminate the difficulties caused by his impairment. For example, plaintiff stated that he had problems with personal care (*i.e.*, he could not shave himself, required additional time to bath and dress), never prepared his own meals, did not do house or yard work, and, although he went grocery shopping with his wife, he was unable to carry the grocery bags on his own. (AR 84, 86-88). Plaintiff's statements, considered as a whole, do not undermine plaintiff's subjective symptom testimony or indicate that plaintiff was able to work. See Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) ("[T]he mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly

///

incapacitated' in order to be disabled.") (quoting Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)).

The sole remaining reason that the ALJ gave for discounting plaintiff's pain testimony was essentially a lack of objective medical evidence to support such testimony (*i.e.*, "[plaintiff's] conditions generally responded well to treatment" and plaintiff's "medications relieved his pain"). (AR 373, 377). However, as noted above, an ALJ may not disregard a claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence. Burch, 400 F.3d at 681.

The Court cannot conclude that the ALJ's error was harmless. Although the vocational expert testified that there were several jobs in the national economy that a person having the limitations identified in the ALJ's residual functional capacity assessment could perform, the expert also testified that if a person were limited in a manner consistent with plaintiff's testimony (*i.e.*, a right-hand dominant individual who was unable to use his right upper extremity for more than 10-15 minutes at a time without needing to rest for 30 minutes), such person would be precluded from all work. (AR 352-53; 722).

### B. Lay Witness Evidence

Plaintiff contends that a reversal or remand is also warranted because the ALJ failed adequately to address the lay statements supplied by plaintiff's wife and to provide adequate reasons for rejecting such evidence. The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

#### 1. Pertinent Facts

In a Third Party Function Report dated December 15, 2004, plaintiff's wife, Maria Bear, stated, *inter alia*, that plaintiff (1) goes out only for school and "once or twice" for doctor appointments; (2) has significant pain in his shoulder and numbness in his hands; (3) needs assistance with personal care; (4) prepares only easy meals (*i.e.*, frozen dinners, cereal); (5) does not do yard or housework due to

severe pain; (6) does not go shopping; (7) can walk only 30 minutes, and then must rest 30-60 minutes before he can resume walking; and (8) has difficulty with several activities including lifting, squatting, bending, standing, reaching, walking, sitting, kneeling and using his hands. (AR 93-101).

### 2. Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment) (citations omitted); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, *e.g.*, lay witnesses, as to how impairment affects claimant's ability to work). The standards discussed in these authorities appear equally applicable to written statements. Cf. Schneider v. Commissioner of Social Security Administration, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

In cases in which "the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable
///

ALJ, when fully crediting the testimony, could have reached a different disability determination." Robbins, 466 F.3d at 885 (quoting Stout, 454 F.3d at 1055-56).

### 3. Analysis

As the above-stated facts reflect, the statements of plaintiff's wife are, on the whole, consistent with, and corroborate plaintiff's testimony regarding his symptoms and limitations. Plaintiff's wife's statements were competent lay evidence that the ALJ was required to take into account unless the ALJ expressly determined to disregard it and gave reasons therefor. As plaintiff notes, the ALJ made no mention of the lay statements, and the ALJ's residual functional capacity assessment implicitly rejects portions of testimony from both plaintiff and his wife. The ALJ erred in not providing any reasons for rejecting such portions of the wife's statements.

The Court cannot conclude that this error was harmless because it cannot "confidently conclude that no reasonable ALJ, when fully crediting the [statements], could have reached a different disability determination." Stout, 454 F.3d at 1055-56. If fully credited, plaintiff's wife's statements substantially support plaintiff's description of his symptoms and limitations, and thus – for reasons similar to those discussed above with respect to plaintiff's credibility – could have caused a reasonable ALJ to reach a different disability determination. Accordingly, this Court cannot deem the ALJ's failure to address the lay witness statements supplied by plaintiff's wife harmless.[3]

///

---

[3] Defendant suggests that the ALJ was not required to consider the lay statements from plaintiff's wife because they were not supported by the medical evidence. (Defendant's Motion at 8-9). While the ALJ may well have discounted plaintiff's wife's statements for such reason, the ALJ did not so state in her decision, and the Court cannot so conclude on this record. This Court may not affirm the decision of an agency on a ground that the agency did not invoke in making its decision. See Stout, 454 F.3d at 1054 ("[T]he ALJ, not the district court is required to provide [rationale] for rejecting lay testimony.") (citations omitted).

# V. REVERSAL AND REMAND FOR IMMEDIATE PAYMENT OF BENEFITS IS APPROPRIATE

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (same) (citing id.). Even so, the choice whether to reverse and remand for further administrative proceedings, or to reverse and remand for immediate payment of benefits is within the discretion of the Court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000); Reddick v. Chater, 157 F.3d 715, 728 (9th Cir. 1998). Where, like here, an ALJ improperly rejected a claimant's testimony, the erroneously rejected evidence should be credited and an immediate payment of benefits directed (rather than a remand for further proceedings) when: "(1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Benecke, 379 F.3d at 593 (citations omitted); see also Harman, 211 F.3d at 1178; Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996).

Here, the Court concludes that plaintiff's case should be reversed and remanded for immediate payment of benefits. Although defendant argues, in a conclusory fashion, that the Court should remand the case for further administrative proceedings (Defendant's Motion at 10), such arguments do not persuade the Court that a second remand would be fruitful or fair. First, the ALJ has twice implicitly rejected plaintiff's Pre-Remand Hearing testimony without providing legally sufficient reasons for doing so. Second, defendant points to no outstanding issues that must be resolved before a determination of disability can

be made in this case. Third, the vocational expert unequivocally testified at both administrative hearings that a person who suffered limitations consistent with those expressed in plaintiff's testimony would be precluded from all work. Therefore, it is clear that the ALJ would be required to find plaintiff disabled if the ALJ fully credited plaintiff's subjective symptom testimony. Finally, it would not be fair to plaintiff to afford the Commissioner a third opportunity to address the precise issue that this Court raised in the 2008 Remand Order. See, e.g., Benecke, 379 F.3d at 595 (allowing Commissioner a second chance to decide the "central issue" in claimant's case "create[s] an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.") (citation omitted); Moisa, 367 F.3d at 887 (remanding for payment of immediate benefits where (i) ALJ erroneously rejected plaintiff's subjective pain testimony "solely for lack of [corroborating] objective medical evidence"; (ii) question of whether plaintiff was eligible for benefits turned "entirely on the credibility of [such] . . . testimony"; (iii) plaintiff "presented objective medical evidence showing the existence of medical impairments which could reasonably be expected to produce his alleged pain and other symptoms"; and (iv) the vocational expert "established that [plaintiff's] testimony, taken as true, demonstrates that [plaintiff] is unable to do his previous work or any other kind of substantial gainful work which exists in the national economy.") (citations omitted); id. ("The Commissioner . . . should not have [a second] opportunity to show that [plaintiff] is not credible any more than [plaintiff], had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted).

///
///
///
///

## VI. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed and the case is remanded for immediate payment of benefits.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 30, 2011

                                              /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE